DSS:EMN/SPN/BDM
F.#2014R00191

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    ORDER OF FORFEITURE

    - against -                                    15 CR 240 (RJD)

ZORANA DANIS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

WHEREAS, on May 26, 2015, ZORANA DANIS (the "defendant"), entered a
plea of guilty to Counts One and Two of the above-captioned information, charging violations of
18 U.S.C. § 1349 and 26 U.S.C. § 7206(1), respectively; and

WHEREAS, the defendant acknowledges that money and property is subject to
forfeiture as a result of her violation of 18 U.S.C. § 1349, as alleged in the Information; and

WHEREAS, the defendant consents to the forfeiture of the sum of two million
dollars and no cents ($2,000,000.00) (the "Forfeiture Money Judgment"), which represents
profits that the defendant made from certain contracts obtained and/or retained through the
payment of bribes and kickbacks during the years 2000 through 2012, as property, real or
personal, which constitutes or is derived from proceeds traceable to the defendant's violation of
18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. §
853(p), as incorporated by 28 U.S.C. § 2461(c).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED as follows:

1.     The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2.     The defendant shall pay the sum of five hundred thousand dollars and no cents ($500,000.00) within one week of the date of entry of her guilty plea pursuant to this agreement (the "Initial Due Date"), and shall pay the remainder in full within one year of the date of entry of her guilty plea (the "Final Due Date") (the "Initial Due Date" and "Final Due Date" referred to generally as the "Applicable Due Date"). In the event that the defendant is sentenced prior to the Final Due Date, the defendant shall pay the Forfeiture Money Judgment in full on or before the date of the defendant's sentencing.

3.     The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture  proceeding  The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters.  The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983.  The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgment.

4.     All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or bank check, payable to "United States Marshals Service," and delivered by hand or overnight courier on or before the Applicable Due Date to Assistant United

States Attorney Brian D. Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks. The defendant acknowledges that all funds paid by the defendant pursuant to this paragraph shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office may request remission or restoration by the Attorney General or his or her designee of funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 21 U.S.C. § 853(i) and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or his or her designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

5.    If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof from that date at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2). If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of her up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

6.    The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment by, among other things, executing any documents

necessary to effectuate the transfer of title of any substitute assets to the United States. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

7.     The failure of the defendant to forfeit any monies and/or properties as required herein, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

8.     The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.

9.     The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount, or a payment of any income taxes that may be due, and shall survive bankruptcy.

10.     Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant

5

to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

      11.    This Order shall be binding only upon the Court's "so ordering" of this Order.

      12.    The defendant consents to have the Order of Forfeiture made final at any time before sentencing pursuant to Fed. R. Crim. P. 32.2(b)(4)(A). This Order shall become the final order of forfeiture as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction.

      13.    This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

      14.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

      15.    The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
     May 26, 2015

HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE